Jacob S. Wessel, ISB #7529
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR TH DISTRICT OF IDAHO

| | | |
|---|---|---|
| NILENE WEEKES | ) | Docket No. CV-12-497 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| MADISON WOMEN'S CLINIC, PLLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Nilene Weekes, for cause of action against Defendant Madison Women's

Clinic, PLLC,  states and alleges as follows:

## NATURE OF THE ACTION

1.      This is a claim under Title I of the Americans with Disabilities Act of 1990 and Title

I of the Civil Rights Act of 1991 or, in the alternative,  under the Age Discrimination in Employment

Act to correct unlawful employment practices on the basis of disability and/or age, to vindicate

plaintiff's rights and the rights of other qualified people with disabilities to fair treatment and equal

___

1 -      COMPLAINT AND DEMAND FOR JURY TRIAL

Jacob S. Wessel, ISB #7529
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR TH DISTRICT OF IDAHO

| | | |
|---|---|---|
| NILENE WEEKES | ) | Docket No. CV-12-497 |
| | ) | |
|   Plaintiff. | ) | |
| | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| MADISON WOMEN'S CLINIC, PLLC | ) | |
| | ) | |
|   Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Nilene Weekes, for cause of action against Defendant Madison Women's

Clinic, PLLC,  states and alleges as follows:

## NATURE OF THE ACTION

1.     This is a claim under Title I of the Americans with Disabilities Act of 1990 and Title

I of the Civil Rights Act of 1991 or, in the alternative,  under the Age Discrimination in Employment

Act to correct unlawful employment practices on the basis of disability and/or age, to vindicate

plaintiff's rights and the rights of other qualified people with disabilities to fair treatment and equal

opportunity, and to make plaintiff whole. Plaintiff is a qualified individual over 40 with a physical impairment, which substantially limits her in one or more major life activities. Defendant discriminated against plaintiff in the terms and conditions of her employment by failing to promote her because of her disability, cutting her pay because of her disability, promoting others over her because of her age, and firing her for her disability and age.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12117(a), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 626(b).

3.      The employment practices alleged herein were committed in the District of Idaho, County of Madison.

## PARTIES

4.      Plaintiff Nilene Weekes is a resident and citizen of the State of Idaho, County of Madison.

5.      Defendant Madison Women's Clinic, PLLC (hereinafter "Madison") is a professional limited liability company doing business in the State of Idaho, County of Madison.

6       Defendant employs and has employed during the relevant periods more than 15 employees and was engaged in an industry affecting commerce. At all material times, defendant was and is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

7.      Defendant Madison is subject to the Age Discrimination in Employment Act

pursuant to 29 U.S.C. § 630(a) in that defendant employs twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

8. Plaintiff is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(a), and a disabled person for purposes of Idaho Code § 67-5901, *et seq.* in that she has a physical impairment, Guillain-Barre' Syndrome, which substantially affects one or more major life activities, including, but not limited to, her ability to care for herself, to eat, to walk, and to use her hands.

9. Plaintiff is within the protected class of the Age Discrimination in Employment Act in that she is over forty years of age.

10. Defendant regarded and treated plaintiff as a person with an impairment that substantially limited one or more major life activities. Plaintiff's ability to perform the essential functions of her position with defendants was limited as a result of the attitude of defendant toward her impairments.

11. Despite her disability, at all relevant times plaintiff was able to work and qualified for the positions she sought with defendant. She was experienced in secretarial work, and with or without reasonable accommodation was fully able to perform the essential functions of the positions she held with defendant.

## PROCEDURAL REQUIREMENTS

12. Plaintiff has filed charges of unlawful employment practices with the Idaho Human Rights Commission, and with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

13.     Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") authorizing her to commence a civil action. Plaintiff has filed this complaint within 90 days from the date she received her notice authorizing her to bring actions.

## CLAIMS OF RELIEF
## (DISABILITY DISCRIMINATION)
## (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

14.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 13 as if fully set forth herein.

15.     Plaintiff began working for Madison in June, 1997, and from December, 2009 through on or about April 27, 2012, plaintiff was employed with defendant full time doing secretarial work in Rexburg, Madison County Idaho.

16.     Plaintiff was qualified for her positions of employment with Defendant and was able to perform the essential functions of such positions.

17.     On January 9, 2010, plaintiff was taken to the hospital by ambulance and diagnosed with Guillain-Barre' syndrome[1]. At that time, plaintiff was paralyzed from the neck down. Plaintiff stayed in the hospital from January 9, 2010 until February 4, 2010. After the first week in the hospital, staff at the Madison telephoned plaintiff daily asking for help on how to do different jobs in the office. After the third week in the hospital, manager Jacquelyn Hanson (Jackie) called plaintiff to ask if plaintiff would take the position of assistant office manager when she got back as the current assistant manager was leaving. Plaintiff accepted the position.

18.     In April, 2010, Madison hired Sheri Jensen, to take the assistant office manager job

---

[1] The doctors believe that this syndrome was caused by an H1N1, swine flu shot that plaintiff got in November, 2009 at the insistence of Madison Women's Clinic.

because Madison felt plaintiff could not do the job because of her limited hand use.

19.    Sheri Jenson does not have disabilities.

20.    In April, 2010 plaintiff's job duties were posting insurance payments to accounts, setting up payment plans with patients, and helping with any insurance concerns of patients, because these were jobs plaintiff could easily do with her limited hand use; Madison gave these jobs to Aubrey Barton Eppich then subsequently gave these duties back to plaintiff when Evans left.

21.    Aubrey Barton Eppich does not have disabilities.

22.    On April 26, 2010, Madison cut plaintiff's pay from $19.50 per hour to $15.50 per hour; Jackie told plaintiff the pay cut was "because [plaintiff's] fingers don't work," and that Madison may increase plaintiff's pay when her fingers worked again; at that time Madison also cut plaintiff's hours from 40 per week to 18 per week for two weeks until June, 2010 when plaintiff started working full time again.

23.    In January, 2011, Madison gave plaintiff's duty of posting insurance payments to Katie Barton who does not have a disability then subsequently gave these duties back to plaintiff when Barton left.

24.    On March 23, 2012 plaintiff underwent her yearly performance evaluation, in which Madison gave her high marks for job performance.

25.    On April 5, 2012, Madison again took plaintiff's job duties away(posting insurance payments) and gave them to Brooke Evans.

26.    On April 17, 2012 Madison gave plaintiff a new job assignment of preauthorizing surgeries which requires significant time on the telephone and significant writing at the same time; plaintiff needs two hands in order to write, and it is very difficult for plaintiff to write while holding

the telephone to her ear; nevertheless, plaintiff was able to perform the essential functions of this job, albeit with a great deal of pain.

27.     On April 20, 2012, plaintiff asked Madison for an accommodation. On April 22, 2012 Madison accommodated plaintiff by setting up templates for plaintiff to use to preauthorize surgeries; this worked well for plaintiff, and she was then able to perform all of her new job duties with less pain.

28.     On April 27, 2012, Maidson terminated Plaintiff's employment. The reason which Madison gave for plaintiff's termination was a pretext. The true reason for plaintiff's termination was defendant's disability.

29.     As a result of defendant's intentional acts alleged herein, plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation, and loss of enjoyment of life resulting in damages in such amount as may be available under applicable law.

30.     Defendant's acts were done intentionally with an improper, abusive, discriminatory motive, and with reckless indifference to plaintiff's federally protected rights. Such conduct should not be tolerated by this society, and punitive damages in the amount of $500,000.00,or as otherwise fixed by a jury and available under applicable law, should be awarded to punish defendant and deter such conduct in the future.

31.     Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following: 42 U.S.C. § 1988, 42 U.S.C. § 12205, Idaho Code § 12-120, and any other applicable federal and/or state statute.

6 -     COMPLAINT AND DEMAND FOR JURY TRIAL

## SECOND AND ALTERNATIVE CLAIM OF RELIEF
### (AGE DISCRIMINATION)
### (AGE DISCRIMINATION IN EMPLOYMENT ACT)

32.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 31 as if fully set forth herein.

33.     This is a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 620 et seq.

34.     This court has jurisdiction pursuant to 29 U.S.C. § 626(b).

35.     Defendant is subject to the Age Discrimination in Employment Act pursuant to 29 U.S.C. § 630(a) in that defendant employs twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

36.     Plaintiff is within the protected class of the Age Discrimination in Employment Act in that she is over forty years of age.

37.     In April, 2010, Madison passed over plaintiff for the assistant office manager job and hired Sheri Jensen, to take the assistant office manager job

38.     Sheri Jenson is younger than plaintiff and is less qualified than plaintiff.

39.     In April, 2010 plaintiff's job duties were posting insurance payments to accounts, setting up payment plans with patients, and helping with any insurance concerns of patients; Madison gave these jobs to Aubrey Barton Eppich and then subsequently gave these duties back to plaintiff when Eppich left.

40.     Aubrey Barton Eppich is substantially younger than plaintiff.

41.     In January, 2011, Madison gave plaintiff's duty of posting insurance payments to

Katie Barton who is substantially younger than plaintiff, then subsequently gave these duties back to plaintiff when Barton left.

42.     On March 23, 2012 plaintiff had her yearly performance evaluation, in which Madison gave her high marks for job performance.

43.     On April 5, 2012, Madison again took plaintiff's job duties away (posting insurance payments) and gave them to Brooke Evans who is substantially younger and less experience than me.

44.     On April 27, 2012, Madison terminated Plaintiff employment. The reason which defendant gave for plaintiff's termination was a pretext. The true reason for plaintiff's termination was that Madison replaced plaintiff with substantially younger, less qualified employees.

45.     Plaintiff's termination from employment was a violation of the Age Discrimination in Employment Act, entitling plaintiff to all remedies under the Act.

46.     Plaintiff is entitled to back pay and benefits from the date of discharge to date of trial in an amount to be proven at trial.

47.     Plaintiff is entitled to reinstatement, but if reinstatement is not an option as an equitable remedy in lieu of reinstatement, plaintiff is entitled to an award of front pay and benefits in an amount to be proven at trial.

48.     Defendant's conduct was a willful violation of the Age Discrimination in Employment Act. Plaintiff is entitled to liquidated damages in accordance with 29 U.S.C. § 626(b).

49.     Plaintiff is entitled to prejudgment interest on all amounts found due and owing.

50.     Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred in bringing this action.

8 -     COMPLAINT AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests this Court to:

1.    Assume jurisdiction over each of the causes set forth herein.

2.    Declare defendants' conduct as alleged herein to be in violation of the relevant statutes.

### COUNT I (DISABILITY DISCRIMINATION)

3.    For back pay and benefits from the date of termination to date of trial, in an amount to be proven at trial;

4.    For front pay and benefits from date of trial in an amount to be proven at trial as an equitable remedy in lieu of reinstatement;

5.    For a  permanent injunction enjoining defendant, its owners, officers, management personnel, employees and all persons in active concert or participation with defendant from engaging in any employment practice which discriminates on the basis of disability;

6.    For general damages for plaintiff's emotional distress in an amount to be proven at trial;

7.    For punitive damages in an amount to be proven at trial;

8.    For pre-judgment interest at the highest applicable rate upon all amounts found due and owing;

9.    For plaintiff's attorney fees, expert witness fees and court costs incurred in bringing this action; and

10.    For such other and further relief as the court deems just and equitable.

COUNT II (AGE DISCRIMINATION)

11.    For plaintiff's back pay and benefits from the date of termination to the date of trial, in an amount to be proven at trial;

12.    For plaintiff's front pay and benefits from the date of trial in an amount to be proven at trial;

13.    For liquidated damages in an amount to be determined at trial;

14.    For pre-judgment interest at the highest applicable rate on all amounts found due and owing;

15.    For plaintiff's attorney fees, expert witness fees and court costs incurred in bringing this action; and

16.    For such other and further relief as the court deems just and equitable.

DATED September 25, 2012.

THOMSEN STEPHENS LAW OFFICES, PLLC

By:      /s/
            Jacob S. Wessel, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED September 25, 2012.

THOMSEN STEPHENS LAW OFFICES, PLLC

By:      /s/
            Jacob S. Wessel, Esq.

J:\data\Complaint